UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL A. SCHILLINGER,

        Plaintiff,

        v.                            Case No. 23-cv-1350-bhl

KWON C. YANG,

        Defendant.

---

## SCREENING ORDER

---

Plaintiff Daniel A. Schillinger, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Schillinger's motion for leave to proceed without prepayment of the filing fee, motion to appoint counsel, and to screen the complaint. Dkt. Nos. 1-2, & 4.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Schillinger requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Schillinger has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of **$11.90**. Therefore, the Court will grant Schillinger's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

Schillinger is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendant Kwon Yang is the institution's dentist. *Id*. at 2. Schillinger has Temporomandibular Joint (TMJ) pain, which causes severe pain when he opens and closes his mouth. *Id*. As of March 2023, he had been on the institution's waitlist to see a dentist for about five months. *Id*. On August 17, 2023, Schillinger went to Yang's office to make a mold of his teeth. *Id*. At that time, Yang stated, "there is nothing I can do about the [TMJ] pain." *Id*. at 2-3. Schillinger filed a request to see a TMJ specialist but someone "intercepted" his request and responded that the institution does not send inmates to outside clinics to resolve TMJ issues. *Id*. at 3. Schillinger believes this policy is intended to save money at the expense of inmate's health and safety. *Id*. Schillinger also sent Yang numerous follow-up requests to do something about his TMJ pain, and Yang reiterated, "there is nothing [I] can do for the pain." *Id*. On September 26, 2023, Schillinger received his mouthguard, but he is still in pain when he opens and closes his mouth. *Id*. at 2. For relief, Schillinger seeks monetary damages. *Id*. at 4.

## ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

To state a claim under the Eighth Amendment, Schillinger must allege that: (1) he had an objectively serious medical condition; and (2) the defendant was deliberately indifferent towards it. *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). A medical condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v.*

3

Case 2:23-cv-01350-BHL   Filed 11/13/23   Page 3 of 9   Document 8

*McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). A defendant is deliberately indifferent when he "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016). Examples of deliberate indifference include ignoring a request for medical assistance; refusing to take instructions from a specialist; persisting in a course of treatment known to be ineffective; choosing an easier and less efficacious treatment without exercising medical judgment; and delaying in treatment which serves no penological interest. *Id.* at 729-31.

Schillinger alleges that he has severe TMJ pain, which constitutes an objectively serious medical condition. *See e.g., King v. Newbold*, 815 F. App'x 82, 83 (7th Cir. 2020). He states that he had to wait over ten months to see a dentist, who ultimately told him that nothing could be done to alleviate the pain. Schillinger was also told that there was a policy at the institution generally prohibiting inmates from seeing a specialist for TMJ pain. Based on these allegations, the Court can reasonably infer that Yang ignored a request for medical care and therefore may have been deliberately indifferent towards Schillinger's serious medical needs. Accordingly, Schillinger may proceed on an Eighth Amendment deliberate indifference claim in connection with allegations that Yang refused to properly treat his TMJ pain at the Racine Correctional Institution.

## MOTION TO APPOINT COUNSEL

Schillinger filed a motion to appoint counsel. Dkt. No. 4. He states that he has no legal education or knowledge; the issues in this case are complex; an attorney would do a better job in presenting the case; and there is a need for expert testimony. *Id*. He also states that he contacted three attorneys, who allegedly never got back to him. *Id*.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of

4

the case, does the plaintiff appear competent to litigate it himself?" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel on his own. *Pickett v. Chicago Transit Auth.*, 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. To demonstrate he satisfied the first prong, Schillinger must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses. In particular, the lawyers' responses may have bearing on the Court's decision to exercise its discretion because they may shed light on whether the plaintiff's attempts to hire counsel were reasonable. *Pickett*, 930 F.3d at 871. In deciding whether to recruit counsel, the Court should consider the reasons the lawyer declined representation, including whether the plaintiff was unwilling (as opposed to unable) to pay a retainer; whether the lawyer lacked time or capacity to take on new clients; or whether the subject matter of the case requires a lawyer who specializes in a specific area of law. *Id.* The Court should also consider how well the plaintiff articulated his case to the prospective lawyer. *Id.* Where a plaintiff "conveyed his situation well and counsel deemed the claim feeble, then it would be inappropriate for a court to intervene" and recruit counsel. *Id.* But, where a plaintiff is inarticulate, then a court "may have a useful role to play in recruiting counsel." *Id.*

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan*, 987 F.3d at

5

682.  When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019).  The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.*  This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial."  *Id.* at 490-491.  The Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491.  In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately."  *Pickett,* 930 F.3d at 871.

Schillinger fails both prongs of the test.  First, his unsupported assertion that he contacted three attorneys who never got back to him does not satisfy the first prong of the test.  As noted above, Schillinger needs documentary *evidence* of his efforts to recruit counsel, including (at least) identification of the lawyers' names, their addresses, and how and when he attempted to contact the lawyers.  Second, and in any event, it is far too early in the case to tell whether the case is too complex for Schillinger to adequately represent himself.  The complaint has not yet been served on the defendant, and he has not yet filed a responsive pleading.  In other words, it's unclear what is at dispute at this point and whether that dispute is beyond Schillinger's capacity to address.  Until matters proceed, the Court is unable to determine whether the difficulty of the case exceeds Schillinger's capacity to present it.

Further, Schillinger has shown sufficient competence in litigating his case so far.  His complaint is clear and coherent.  It describes what happened to him and the relief he seeks.  He also showed some legal savvy in submitting relevant exhibits to support his claim. The Court

6

therefore does not have any concerns about his ability to communicate or present relevant information. To the extent Schillinger has no legal education and a lawyer would do a better job presenting the case, that is precisely why the Seventh Circuit explained that "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." For that reason, a lack of legal education does not in itself warrant recruitment of counsel. Finally, Schillinger need not worry about expert testimony at this point in the case. An inmate can survive a motion for summary judgment on a deliberate indifference claim based solely on their own testimony explaining what happened. If this case survives summary judgment, the Court will likely recruit counsel for trial, and at that point, trial counsel will determine whether expert testimony is necessary. The Court will therefore deny Schillinger's motion to appoint counsel without prejudice. He may refile this motion, if circumstances change.

## CONCLUSION

The Court finds that Schillinger may proceed on an Eighth Amendment deliberate indifference claim in connection with allegations that Yang refused to properly treat his TMJ pain at the Racine Correctional Institution.

**IT IS THEREFORE ORDERED** that Schillinger's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Schillinger's motion to appoint counsel (Dkt. No. 4) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Schillinger's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Yang.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Yang shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Schillinger shall collect from his institution trust account the **$337.81** balance of the filing fee by collecting monthly payments from Schillinger's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Schillinger is transferred to another institution, the transferring institution shall forward a copy of this Order along with Schillinger's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Schillinger is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Schillinger is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge